**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| THOMAS WHATLEY, III, §<br>    Plaintiff, §<br> §<br>vs. §<br> §<br>HOVG, LLC d/b/a Bay Area Credit Service, §<br>LLC, §<br>    Defendant. § | CIVIL ACTION NO.<br><br>Jury Trial Demanded |

## ORIGINAL COMPLAINT

### NATURE OF ACTION

1.     This is an action for damages brought by Plaintiff Thomas Whatley, III ("Plaintiff"), an individual, for Defendant HOVG, LLC d/b/a Bay Area Credit Service, LLC's ("Defendant") violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

2.     Plaintiff seeks to recover monetary damages for Defendant's violations of the law, and to have an order or injunction issued by this Court preventing Defendant from continuing to engage in conduct that violates the aforementioned statutes.

### JURISDICTION AND VENUE

3.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

4.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

5. Plaintiff Thomas Whatley, III is a natural person residing in the State of Texas, County of Denton, and City of Denton.

6. Plaintiff is a consumer as defined by 15 U.S.C. § 1692a(3) and Tex. Fin. Code § 392.001(1).

7. Defendant HOVG, LLC d/b/a Bay Area Credit Service, LLC is an entity which at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5), and a "consumer debt" as defined by Tex. Fin. Code § 392.001(2).

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by Tex. Fin. Code § 392.001(6).

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

10. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes – namely, personal medical bills (the "Debt").

11. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

12. In connection with the collection of the Debt, Defendant placed a call to Plaintiff's cellular telephone on November 14, 2012 at 2:39 P.M., and at such time, left the following voicemail message:

> This message is for Thomas Whatley. If this is not Thomas Whatley, please hang up and disconnect. There will now be a three second pause in this message to allow time to disconnect [background noise]. Did you [inaudible] what's wrong with you? Did he not call or something?

13. Defendant's November 14, 2012 voicemail message failed to notify Plaintiff that the communication was from a debt collector.

14. Further, Defendant failed to disclose its true corporate and/or business name in its November 14, 2012 voicemail message.

15. By failing to disclose that the communication was from a debt collector, and further, by failing to disclose its true corporate and/or business name in its November 14, 2012 voicemail message, Defendant failed to meaningfully disclose its identity to Plaintiff.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692d(6)

16. Plaintiff repeats and re-alleges each and every factual allegation contained above.

17. Defendant violated 15 U.S.C. § 1692d(6) by placing telephone calls without meaningfully disclosing the caller's identity.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(6);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(11)

18. Plaintiff repeats and re-alleges each and every factual allegation contained above.

19. Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

20. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: July 31, 2013.

                                                  Respectfully submitted,

                                                  By: s/Joseph Panvini
                                                  Joseph Panvini
                                                  AZ Bar No. 028359
                                                  Weisberg & Meyers, LLC
                                                  5025 North Central Ave., #602
                                                  Phoenix, AZ 85012
                                                  Telephone: (888) 595-9111 ext. 125
                                                  Facsimile: (866) 565-1327
                                                  jpanvini@AttorneysForConsumers.com
                                                  Attorney for Plaintiff, Thomas Whatley, III